**SO ORDERED.**

**SIGNED this 15th day of October, 2012.**



_____
Dale L. Somers
United States Bankruptcy Judge

_____

Designated for on-line use but not print publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re:

**DALLAS LEIGH ELLIS,**

                                        **Debtor,**

**CASE NO. 12-10350**
**Chapter 7**

**STEPHEN BROWN,**

                                        **Plaintiff,**

**v.**

**DALLAS LEIGH ELLIS,**

                                        **Defendant.**

**ADVERSARY NO. 12-05084**

## MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ALLOWING THE DEBTOR ADDITIONAL TIME TO RESPOND TO THE ADVERSARY COMPLAINT

Plaintiff Steven Brown brought this adversary proceeding against Debtor Dallas Leigh

Ellis to determine the dischargeability of certain debts.  The Plaintiff later moved for default

judgment, and the Debtor timely objected.  At the motion hearing, the Plaintiff appeared through Counsel Glen D. Young; the Debtor appeared on his own behalf.  The Court questioned Mr. Young and the Debtor about whether the Plaintiff had properly served process on the Debtor's former attorney, Michael J. Studtmann.  The Court took the service of process matter under advisement and is now ready to rule.  The Court finds that the Plaintiff was required to serve process on Studtmann under Federal Rule of Bankruptcy Procedure 7004(g) and that he failed to properly do so.  The Plaintiff's Motion for Default Judgment is therefore DENIED.  The Court directs the Debtor to answer or otherwise defend the adversary complaint WITHIN 30 DAYS OF THE ENTRY OF THIS ORDER.

**FINDINGS OF FACT**

The Debtor retained Studtmann earlier in 2012 to file a voluntary Chapter 7 bankruptcy petition.  On May 2, 2012, Studtmann filed a Motion to Withdraw as Counsel for the Debtor.[1] The Court granted the motion on May 30.[2]  In the meantime, on May 8, the Plaintiff filed a Complaint to Determine Dischargeability of Debts Owing to Plaintiff by Defendant.[3]  The certificate of service on the complaint indicates that the Plaintiff served Studtmann with an electronic copy of the complaint on that date.[4]  Subsequently, on May 10, the Plaintiff served the Debtor with a summons and copy of the complaint via regular, first class United States mail, postage fully prepaid, at the address listed in the Debtor's bankruptcy petition.[5]

---

[1] Case 12-10305, dkt. 16.

[2] Case 12-10305, dkt. 31.

[3] Dkt. 1.

[4] *Id.*

[5] Dkt. 5.

2

When the Debtor failed to respond to the complaint, the Plaintiff filed a Motion for Judgment on June 14.[6] The Debtor objected to the motion before the July 9 objection deadline and appeared at the motion hearing on August 7.[7] The Court took this matter under advisement to determine whether the Plaintiff served sufficient process on Studtmann, and, accordingly, whether the Plaintiff's Motion for Judgment should be granted.

**ANALYSIS**

Under Federal Rule of Bankruptcy Procedure 7004(g), a plaintiff in an adversary proceeding must serve process on the Debtor's attorney if the Debtor is represented by an attorney.[8] Studtmann filed a Motion to Withdraw as Counsel on May 2, six days before the Plaintiff filed his complaint. However, withdrawal of counsel's appearance "is not effective until the court enters an order authorizing withdrawal."[9] Because this Court did not grant Studtmann's motion until May 30, he was still the Debtor's attorney on May 8 when the adversary proceeding was filed. The Plaintiff was thus required to serve process on Studtmann under Rule 7004(g).

To effect proper service, the plaintiff must serve the Debtor and the Debtor's attorney with both a summons and a copy of the complaint.[10] The Plaintiff properly served a summons

---

[6] Dkt. 6.

[7] Dkt. 8, 13.

[8] Fed. R. Bankr. P. 7004(g).

[9] D. Kan Rule 83.5.5; *see also Pulley v. Langfitt (In re Pulley)*, 182 B.R. 35, 35 n.1 (Bankr. W.D. Ark. 1995) (stating that a motion to withdraw does not relieve counsel of the duty to represent its client until the court enters an order granting permission to withdraw).

[10] *Clune Company, LC v. Johnson (In re Johnson)*, No. 09-22874, 2001 WL 482837, at *2 (Bankr. D. Kan. Feb. 7, 2011) (applying Fed. R. Civ. P. 4(c)(1), which provides that "a summons must be served with a copy of the complaint").

and copy of the complaint on the Debtor on May 10 via first class mail. Although the Plaintiff served an electronic copy of the complaint on Studtmann the day the complaint was filed, he did not serve Studtmann with a summons. Therefore, because Studtmann did not receive a summons and proper service requires that the Debtor's attorney be served both a summons and a copy of the complaint, service on Studtmann was insufficient.

Rule 7004(g) requires the plaintiff in an adversary proceeding to serve process on a Debtor's attorney "to avoid the possibility that a Debtor, represented by counsel in the bankruptcy case, could be served with process in an adversary proceeding, without counsel's knowledge, setting up conditions for a default judgment if the Debtor did not respond."[11] Granting default judgment when service on the Debtor's attorney is insufficient would therefore compromise the purpose of Rule 7004(g). Furthermore, default judgment is a harsh sanction that should only be granted when a defendant has intentionally failed to participate in the adversary proceeding, which is not true in this case.[12]

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant," unless re-serving the complaint would be futile.[13] Re-serving Studtmann would be futile because he no longer represents the Debtor. Quashing service and re-serving the Debtor is also unnecessary because the Debtor had actual notice of the Motion for Judgment, timely objected to it, and appeared at the motion hearing.

---

[11] *In re Johnson*, 2011 WL 482837, at *3.

[12] *See Fin. Instruments Grp. v. Leung*, 30 Fed. Appx. 915, 919 (10th Cir. 2002).

[13] *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (internal citations and quotations omitted) (finding futility when the plaintiffs' complaint failed to state any claim upon which relief could be granted).

4

The Plaintiff's Motion for Judgment is therefore DENIED. The Court directs the Debtor to answer or otherwise defend the adversary complaint WITHIN 30 DAYS OF THE ENTRY OF THIS ORDER.

**IT IS SO ORDERED.**

# # #